# EXHIBIT A

Filed: 4/28/2016 7:22:04 PM
Joshua B. Tackett
District Clerk
Navarro County, Texas
By Kristin Bates Deputy

CAUSE NO. __D16-24988-CV__

| | | |
|---|---|---|
| DESSARI JOHNSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JIM JOHNSON, DECEASED, | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § § | __13th__ JUDICIAL DISTRICT |
| CORSICANA HEALTH CARE, LLC d/b/a COUNTRY MEADOWS NURSING & REHABILITATION CENTER, THI OF TEXAS, LLC, and FUNDAMENTAL CLINICAL OPERATIONAL SERVICES, LLC, | § § § § § § § § | |
| Defendants. | § § | NAVARRO COUNTY, TEXAS |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

COMES NOW, Plaintiff DESSARI JOHNSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JIM JOHNSON, DECEASED, and brings this action against Defendants CORSICANA HEALTH CARE, LLC d/b/a COUNTRY MEADOWS NURSING & REHABILITATION CENTER, THI OF TEXAS, LLC, and FUNDAMENTAL CLINICAL OPERATIONS SERVICES, LLC (collectively "Defendants") seeking actual damages for medical negligence that resulted in severe injuries and the untimely death of Jim Johnson.

## I. SUMMARY OF CASE

This is a case about the inexcusable neglect of Plaintiff's father, Jim Johnson, who was a resident receiving long-term medical care in the Country Meadows Nursing & Rehabilitation Center nursing facility. While Mr. Johnson was a resident, the nursing and medical staff provided minimal monitoring of him and failed to adequately report changes in his medical condition, which resulted in Mr. Johnson developing multiple pressure ulcers in late 2014. Even though the nursing and medical staff knew about his progressing pressure ulcers for months, they

failed to provide proper interventions or treatment. As a result, by early January 2015, Mr. Johnson's pressure ulcer became infected, his condition dramatically worsened, and he developed sepsis, which is a life-threatening infection of the blood. Even though Mr. Johnson was transferred to Navarro Regional Hospital on January 8, 2015 for critical care, he was never able to recover from his injuries. Mr. Johnson died on January 9, 2015 of sepsis and septicemia, which were directly related to his infected pressure ulcers.

## II. DISCOVERY CONTROL PLAN DESIGNATION

1. Plaintiff intends that a Level 3 Discovery Control Plan govern this action in accordance with Texas Rule of Civil Procedure 190.4.

## III. PARTIES

2. Plaintiff Dessari Jones is an individual who resides in Texas. In accordance with Section 30.014 of the Texas Civil Practice & Remedies Code, the last three digits of Plaintiff's driver's license number are 895 and the last three digits of Plaintiff's social security number are 490. Plaintiff is the surviving daughter of Jim Johnson, Decedent, and brings this lawsuit individually, as a wrongful-death action, and as a survival action as the representative of the Estate of Decedent.

3. Decedent would have been entitled to bring a suit for damages had he lived.

4. Defendant Corsicana Health Care, LLC d/b/a Country Meadows Nursing & Rehabilitation Center is a Delaware limited liability company with its principal place of business in Texas located at 3301 Park Row Blvd., Corsicana, Texas 75110. During the relevant period of time, Defendant owned, operated, managed, and/or controlled the Country Meadows Nursing & Rehabilitation Center skilled nursing facility, located at 3301 Park Row Blvd., Corsicana, Texas 75110 ("Country Meadows"). This Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service

Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

5. Defendant THI of Texas, LLC is a Delaware limited liability company with its principal place of business in Texas located at 3301 Park Row Blvd., Corsicana, Texas 75110. During the relevant period of time, Defendant managed, operated, and/or controlled the Country Meadows Nursing & Rehabilitation Center skilled nursing facility. This Defendant may be served with process through its registered agent, National Corporate Research, Ltd., 206 East 9th Street, Suite 1300, Austin, Texas 78701.

6. Defendant Fundamental Clinical and Operational Services, LLC is a Delaware limited liability company with its principal place of business in Texas located at 3301 Park Row Blvd., Corsicana, Texas 75110. During the relevant period of time, Defendant managed, operated, and/or controlled the Country Meadows Nursing & Rehabilitation Center skilled nursing facility. This Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## IV. JURISDICTION AND VENUE

7. Subject-matter jurisdiction is proper in this Court because the amount in controversy exceeds the minimum jurisdictional threshold of this Court.

8. The Court has personal jurisdiction over Defendants because the acts complained of were committed by Defendants in Navarro County, Texas and arise from Defendants' business in Texas.

9. Venue is proper in Navarro County, Texas in accordance with TEX. CIV. PRAC. & REM. CODE §15.002(a) because all or a substantial part of the acts or omissions giving rise to the claims in this lawsuit occurred in Navarro County, Texas.

## V. FACTS APPLICABLE TO ALL COUNTS

10. Jim Johnson, deceased, was first admitted as a long-term resident in the Country Meadows skilled nursing facility on July 8, 2008 due to progressing spinal stenosis, which is a medical condition marked by narrowing of the bone channel containing the spinal nerves and spinal cord. Because of his advancing spinal stenosis and other medical conditions, Mr. Johnson needed extensive assistance ambulating and with various activities of daily living. In addition, during the relevant period of time, Mr. Johnson had a colostomy bag in place and a catheter. As such, Mr. Johnson was at a very high risk of developing pressure ulcers and required close monitoring of his skin condition.

11. Although the medical and nursing staff at Country Meadows knew of Mr. Johnson's risk of developing pressure ulcers, he was not closely monitored or evaluated for skin breakdown, and the necessary measures were not put into place to prevent the development of pressure ulcers. As a result, beginning in late 2014, Mr. Johnson began to develop pressure ulcers on his lower back (sacrum) and buttocks.

12. Unfortunately, even though the medical and nursing staff at Country Meadows knew of his progressing pressure ulcers by late 2014, the medical and nursing staff failed to inform his family or refer him to an acute care facility to aggressively treat the injuries. In addition, although the facility had actual knowledge of progressing pressure ulcers, the medical and nursing staff failed to evaluate Mr. Johnson regularly for skin breakdown or aggressively treat these progressing injuries. And, even after he developed severe pressure ulcers on his lower back and buttocks, the facility yet again failed to implement measures to both prevent his existing pressure ulcers from worsening and from developing infections, failed to implement measures to prevent the development of additional pressure ulcers, and failed to aggressively treat his wounds.

13. As a result, by January 2015 Mr. Johnson's health had reached a critical level due to his progressing pressure ulcers, and his pressure ulcers had also become severely infected. On January 8, 2015, Mr. Johnson was transferred from Country Meadows to Navarro Regional Hospital for acute care of his pressure ulcers and infections. After being examined at Navarro Regional, it was discovered that Mr. Johnson's pressure ulcers were critically infected and that he had developed sepsis, which is a life-threatening infection of the blood.

14. Even though Mr. Johnson received acute care for his pressure ulcers, sepsis infection, and other medical complications, he was never able to recover from the injuries that he sustained while a resident at Country Meadows. Mr. Johnson died on January 9, 2015 of sepsis and septicemia, which were directly caused by his numerous infected pressure ulcers.

## VI. CAUSES OF ACTION

**COUNT ONE: MEDICAL NEGLIGENCE.**

15. Plaintiff hereby incorporates and realleges the matters set forth in the preceding paragraphs as if set forth at length.

16. During the relevant period of time, Corsicana health Care, LLC operated, managed, and/or controlled the Country Meadows medical facility and is a health-care provider licensed by the State of Texas to provide health care. Defendant provided health care to Decedent, and at all times relevant there existed a physician-patient relationship between Defendant and Decedent. As such, Defendant is considered health-care institution under the Texas Civil Practice & Remedies Code.

17. Defendant owed Decedent a legal duty of care to act as a reasonably prudent health-care provider would act under the same or similar circumstances, including but not limited to exercising that degree of care required by Decedent's known physical and mental condition.

18. Through Defendant's agents, employees and representatives, Defendant breached

the applicable standard of care while providing medical care and treatment to Decedent by engaging in numerous improper acts and omissions including but not limited to the following:

- a. Failing to properly monitor, evaluate, and re-evaluate Decedent's known physical condition;

- b. Failing to properly and timely observe, assess, evaluate, and/or treat Decedent, including but not limited to failing to properly treat Decedent's pressure ulcers, failing to ensure that Decedent was properly hydrated and provided sufficient nutrition and food intake, failing to ensure that Decedent's injuries did not become infected, and failing to timely and properly treat Decedent's infections;

- c. Failing to create, implement, and monitor an appropriate care plan that took into consideration Decedent's known physical condition and needs;

- d. Failing to properly train, monitor, supervise, and oversee its employees, agents, and staff to ensure that pressure ulcer prevention and treatment measures were put into place, that measures to ensure proper nutrition and hydration was provided to Decedent, and that measures to evaluate, recognize, and treat Decedent's infections were put into place;

- e. Failing to formulate and institute proper policies and procedures for the care and treatment of patients such as Decedent with known medical conditions, and failing to properly train its employees and agents on such proper policies and procedures;

- f. Failing to exercise reasonable care in the selection and maintenance of its medical and nursing staff;

- g. Failing to properly supervise its employees, agents, and staff; and

- h. Failing to ensure that appropriate levels of staffing and training of staff were provided for the care and treatment of patients, including Decedent, and that sufficient funds were budgeted and expended on staff, training or staff, medical supplies, and medical care and treatment for Decedent.

19. As outlined above, Defendant failed to meet the applicable standards of care that Defendant owed to Decedent, and this failure was a proximate cause of severe damages suffered by Plaintiff and Decedent.

**COUNT TWO: VICARIOUS LIABILITY.**

20. Plaintiff hereby incorporates and realleges the matters set forth in the preceding paragraphs as if set forth at length.

PLAINTIFF'S ORIGINAL PETITION –                                            PAGE 6

21. Defendants employed, trained, supervised, and/or monitored various medical and nursing staff that provided medical care and treatment to Decedent while she was a resident at the Country Meadows medical facility. At this time, Plaintiff is only asserting vicarious liability claims against Defendants THI of Texas, LLC and Fundamental Clinical and Operational Services, LLC.

22. Defendants are each responsible for the acts and/or omissions of their respective agents, ostensible agents, servants, employees, contractors, and representatives during the care and treatment of Decedent under various theories of vicarious liability, including but not limited to the doctrines of actual authority, apparent authority, *respondeat superior*, and ratification.

23. ***Respondeat Superior*** - At all relevant times, Defendants' agents, employees, and representatives that rendered care and treatment to Decedent were acting within the course and scope of their employment and/or agency with Defendants, in furtherance of Defendants' business, and for the accomplishment of the object for which they were hired and/or employed. Decedent was injured as the result of medical negligence committed by Defendants' respective agents, employees, and representatives that rendered care and treatment to Decedent.

24. ***Actual Authority*** - At all relevant times, Defendants intentionally conferred authority on their agents, intentionally allowed their agents to believe that they had the proper authority, or, through the lack of due care, allowed their agents to believe that they had the proper authority, to act on Defendant's behalf in the care and treatment of Decedent. Decedent was injured as the result of medical negligence committed by Defendants' respective agents, employees, and representatives while acting within the scope of their respective agency with Defendants.

25. ***Apparent Authority*** – At all relevant times, Defendants affirmatively held out their respective agents, employees, and representatives that rendered care and treatment to

Decedent as having authority to act on their behalf, knowingly permitted its respective agents, employees, and representatives to hold themselves out as having property authority, or acted with such a lack of ordinary care as to clothe their agents, employees, and representatives with the indicia of authority. Defendants' conduct caused Decedent to believe that Defendants' agents, employees, and representatives had the authority to act on Defendants' behalf, and Decedent justifiably relied upon Defendants' agents, employees, and representatives' authority.

26. **Ratification** – Defendants are also vicariously liable for the acts and/or omissions of their respective agents, employees, and representatives acting outside the scope of their authority because Decedent was injured by Defendants' agents or non-agents who provided medical care and treatment to Decedent. Defendants' agents and/or non-agents engaged in improper acts and/or omissions on behalf of Defendants, Defendants approved these acts and omissions by word, act, or conduct after acquiring full knowledge of the alleged acts and/or omissions, and Defendants gave approval with the intention of giving validity to the acts and/or omissions of their agents, employees, and representatives.

## VII. DAMAGES

27. Plaintiff hereby incorporates and realleges the matters set forth in the preceding paragraphs as if set forth at length.

28. Defendants' breach of duty proximately caused injuries to Decedent, which resulted in the following damages to Plaintiff and the Estate of Decedent:

**Wrongful-Death Action Damages**

a. Mental anguish in the past and future;
b. Loss of companionship and society in the past and future;
c. Pecuniary losses;
d. Loss of household services in the past and future;
e. Loss of companionship and society;
f. Loss of inheritance; and
g. Funeral expense reimbursement.

**Survival Action Damages**

a.  Pain and suffering of Decedent;
b.  Mental anguish of Decedent;
c.  Physical impairment of Decedent;
d.  Past medical expenses incurred for Decedent's treatment; and
e.  Funeral expenses incurred by Decedent's estate.

## VIII. EXEMPLARY DAMAGES

29. Plaintiff hereby incorporates and realleges the matters set forth in the preceding paragraphs as if set forth at length.

30. As outlined above, Defendant Corsicana Health Care, LLC's acts and omissions constitute conscious disregard for the safety and welfare of patients, including Decedent. With actual notice of Decedent's physical condition and medical needs, Defendant failed to exercise even the basic level of proper care, failed to ensure that adequate and properly trained staff treated and monitored Decedent, and failed to ensure that sufficient funds were allocated and expended on staffing and care of patients such as Decedent. In short, Defendant placed profits over its patients. Defendant's conscious disregard for patients and its decision to place profits over its patients resulted in severe injuries to Decedent and Plaintiff.

31. Because Defendant Corsicana Health Care, LLC's actions were fraudulent, malicious, and/or grossly negligent, Plaintiff requests that exemplary damages be awarded against this Defendant in a sum within the jurisdictional limits of the Court.

## IX. DEMAND FOR JURY TRIAL

32. Plaintiff demands a trial by jury and tenders the appropriate fee with this petition.

## X. REQUEST FOR RULE 194 DISCLOSURES

33. Plaintiff requests that Defendants disclose to Plaintiff, within fifty (50) days of service of this request, the information or materials described in Rule 194.2 of the Texas Rules of Civil Procedure. Defendants may comply with this request by mailing copies of the documents

and information required by Rule 194.2 to Patrick Powers, lead counsel, at Powers Taylor, LLP, 8150 N. Central Expressway, Suite 1575, Dallas, Texas 75206. In accordance with Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby inform Defendants of Plaintiff's intent to use any and all documents produced by Defendants in discovery in this matter at any pre-trial proceeding and/or trial.

## XI. CONDITIONS PRECEDENT

34.     Plaintiff has fully performed all conditions precedent to this action, including but not limited to providing Defendants with written notice of Plaintiff's claims.

## XII. REQUEST FOR RELIEF AND PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff DESSARI JOHNSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JIM JOHNSON, DECEASED, respectfully requests and prays that Defendants CORSICANA HEALTH CARE, LLC d/b/a COUNTRY MEADOWS NURSING & REHABILITATION CENTER, THI OF TEXAS, LLC, and FUNDAMENTAL CLINICAL OPERATIONS SERVICES, LLC be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants, jointly and severally, for the following:

   a.   An award of Plaintiff's actual and special personal injury and economic damages within the jurisdictional limits of the Court, including but not limited to the compensatory and consequential damages pleaded herein;

   b.   Costs of Court;

   c.   Pre-judgment and post-judgment interest at the highest rate(s) allowed by law;

   d.   Statutory damages allowed by law, within the jurisdictional limits of the Court;

   e.   Exemplary damages, within the jurisdictional limits of the Court;

   f.   Mental anguish damages; and

   g.   Such other and further relief, at law or in equity, to which Plaintiff may be entitled and which this Court deems just and fair.

Respectfully submitted,

By: */s/ Patrick W. Powers*
    Patrick W. Powers
    State Bar No. 24013351
    patrick@powerstaylor.com
    Ernest C. Tosh
    State Bar No. 20146100
    ernest@powerstaylor.com

    **POWERS TAYLOR LLP**
    8150 North Central Expressway, Suite 1575
    Dallas, Texas 75206
    214-239-8900 – Office
    214-239-8901 – Fax

    **ATTORNEYS FOR PLAINTIFF**